## Gibson *versus* Kauffield.

1. A peddler who employs a servant to peddle for him, and for that purpose puts his license into the servant's hands, is not liable to the penalty under the 2d section of the Act of March 28th 1799 (Peddlers).

2. The purpose of the act was to prevent the peddler from transferring his license to another, and the substitution of one not having the qualifications to peddle required by the act.

3. It is the transfer of the use of the license for the benefit of the transferee which is prohibited.

4. The Act of March 28th 1799 is penal, and a party must be brought within its letter.

5. The license of the employer would not be a protection to the servant from the penalty under the 2d section of Act of April 16th 1840 (Peddling without License), the license being a special personal privilege.

November 8th, 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 70, to October and November Term 1869.

This was a *qui tam* action by F. Kauffield against William J. Gibson, a licensed pedlar, to recover the penalty imposed by 2d section of the Act of March 28th, 1799, 3 Sm. L. 360, Purd. 784, pl. 7.   The section is as follows :—

" If any person having a license shall lend or otherwise dispose of the same to any other person, the person so lending, and the person so receiving the same, shall be liable to a fine of fifty dollars, respectively."

The action was commenced before a justice of the peace, who rendered judgment for $50 against the defendant; from this an appeal was taken to the Court of Common Pleas.

On the trial before Sterrett, P. J., it was shown that the defendant had taken out a license to peddle with two horses and a wagon, and employed William Hill to drive his wagon and transact his peddling business for him, and for that purpose put his license into the hands of Hill as his servant or agent.

The defendant's fourth point, which was refused by the court, was :—

" The employment of another to perform this business of the defendant, and giving him the authority of said defendant, is no loaning of said license under the law."

The court instructed the jury :—

" Defendant's counsel claims that if Hill did use the defendant's license, it was done as the employee of defendant.   That defendant having obtained the license, had the right to employ Hill or any one else, and send him out to peddle under his license.   We do not understand this to be the law.—The license to peddle confers a special personal privilege on the licensee, which he has no right to transfer."

[Gibson *v.* Kauffield.]

The verdict was for the plaintiff for $50.

The defendant took out a writ of error and assigned for error :—

1. The answer to his point.

2, 3. The parts of the charge given above.

*J. R. Large*, for plaintiff in error.

*I. H. Miller*, for defendant in error.

The opinion of the court was delivered, November 15th 1869, by

AGNEW, J.—The first and second assignments of error raise the single question whether a licensed pedlar who hires a servant to drive his wagon is liable for the penalty in the Act of 28th March 1799, which provides that if a pedlar shall lend or otherwise dispose of his license, he shall be liable to a penalty of fifty dollars. The purpose of the Act was to prevent the licensee from transferring his license to another. The license confers a special privilege to one possessing certain prescribed qualifications to travel as a pedlar on foot or in a wagon ; and the object of the Act was obviously to prevent a substitution, by a transfer of the license to any one not possessing the legal qualification to peddle. It is the transfer of the use of the license by loan or sale, or by any arrangement for the benefit of the transferee, which is the prohibited act. But a servant employed to drive the pedlar's wagon and sell for him, is not a bailee or transferee of the license. He takes no title to it by loan, hiring, or sale, or by any arrangement amounting to a disposition of it ; but merely performs the business of the pedlar for the benefit of the latter, and not of himself. It cannot be said that the pedlar has either lent him his license, or has disposed of it to him.

It will not do to reply, that by hiring an unqualified person as a servant, for instance an alien or a person not of good moral character ; the same mischief would ensue as by lending the license or disposing of it, and that, therefore, it falls within the spirit of the act, for this is a penal law, and the defendant must be brought within its letter. The action is not against Hill, the hired man, but was brought against Gibson the pedlar. As to Hill the act of 1840 provides a penalty for peddling without a license. He clearly would not be protected, by exhibiting the license of another person ; unless we should hold that the license is not a special personal privilege. This we cannot do in the teeth of the several acts requiring that a pedlar shall be a citizen of the United States, of honesty and of good moral character, and who, from loss of limb or other bodily infirmity, is disabled from procuring a livelihood by labor ; otherwise dishonest and unqualified persons might be hired.

The judgment is therefore reversed.